```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 12 CR 707 |
| | ) | |
| MALIK McKEE, et al. | ) | Judge Sharon Johnson Coleman |

**AGREED PROTECTIVE ORDER**

The government has filed an agreed motion for a protective order. The government's motion is GRANTED, and it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, recorded conversations, witness statements, memoranda of interview, and any documents and tangible objects produced by the government, shall be divided into two categories – "Regular Discovery" and "Confidential" materials.

2. The parties contemplate that they may designate as Confidential items that they believe require special protection. An example of such an item includes discovery material that may contain information relating to a person who claims to have been sexually or otherwise abused. The parties reserve the right to contest any Confidential designation.

3. All materials produced by the government, including both Regular Discovery and Confidential materials, remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the de-

fendant, Regular Discovery and all copies made thereof shall either be destroyed or maintained under secure conditions by defense counsel, unless there is a specific request by the government for the return of particular documents.

4. Any Regular Discovery material provided by the United States may be used by the defendants and their counsel solely in connection with the defense of this case and for no other purpose. Regular Discovery materials, and any of their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons assisting in the defense, persons who are interviewed (as potential witnesses) or consulted (as potential experts) during the course of the investigation of this case, or such other persons as to whom the Court may authorize disclosure.

5. Confidential materials, and any notes or records of any kind that defense counsel or the defendant may make relating to the contents of Confidential materials, shall be used by the defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Confidential materials shall not be disclosed to anyone other than the defendant and defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure, and those persons must be given

notice of this Order and advised that they can only use the materials under the terms of this Order.

6.   Confidential materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and defendant and such persons as are employed by them to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original matter. Regular Discovery may be reproduced in compliance with this Order, but steps shall be taken to remove personal identifying information from any copies disseminated in compliance herewith.

7.   The restrictions set forth in this order do not apply to documents that are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at the trial of this matter and/or other trials, or documents that are otherwise properly placed in the public domain.

8.   The parties are ordered to retain copies of all documents that are provided in discovery under the Protective Order. Confidential materials shall not be filed with the Clerk of Court. Confidential documents produced in discovery that require the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted Confidential information pertains, and the name and telephone number of counsel submitting the documents.  The producing party shall maintain the

original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. In addition, personal identifying information will be removed from Regular Discovery before any such material is publicly filed with the Clerk.

9. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order upon proper notice. The Court retains jurisdiction to resolve any disputes regarding this Order.

ENTER:

_____
SHARON JOHNSON COLEMAN
United States District Judge

Date: October 26, 2012
      _____